## The Chicago, Indiana and Eastern Railway Company v. Patterson.

[No. 3,281.   Filed February 21, 1901.]

DAMAGES.—*Railroad Right of Way.—Complaint.*—The fact that an appropriation of land by a railroad company was rightfully made after compliance with the terms of the statute by causing the damages to be assessed and tendered to the landowner or paying them into court for the owner's benefit is a matter of defense which need not be negatived in a complaint by the landowner to recover damages for the land taken.  *pp. 296, 297.*

SAME.—*Complaint.—Essential Facts.*—A complaint for damages for land taken for a railroad right of way which alleges plaintiff's own-ership in fee and possession of the land described at the date of the acts complained of, its appropriation by defendant without plaintiff's leave, and defendant's exclusive possession since that time states facts sufficient to withstand a demurrer.  *p. 297.*

SAME.—*Appearance.— Waiver of Action.*—Appearing to a statutory proceeding for the assessment of damages upon condemnation of his land by a railroad and excepting to the award is not such an election of remedies by the landowner as deprives him of the right to bring an independent action for the injury sustained, nor of his right to recover the damages he might otherwise have recovered. The remedy given by the statute is merely cumulative, and does not destroy the common law right of action.  *pp. 297, 298.*

SAME.—*Statutory Award.—Dismissal of Appeal.*—A landowner who has excepted to the award of the appraisers in a condemnation proceeding and appealed to the circuit court cannot prosecute another action for damages while his appeal is pending, but upon the dismissal of his appeal and the withdrawal of his exceptions, the original award remains as if no exceptions had been taken, and he may bring suit for damages.   The dismissal of such an appeal does not ratify and confirm the award.  *p. 300.*

DAMAGES.—*Railroad.—Statutory Award.—Demand.*— In a common law action for damages on account of the seizure and appropriation of land by a railroad company the question of a demand by the agent of plaintiff for the damages awarded in a statutory condemnation proceeding and defendant's refusal to pay the award is immaterial.  *p. 301.*

TRIAL.—*Instructions.—Reciting Pleadings.*—It is not error for the court in instructing the jury as to the issues in the case to recite an allegation of the complaint in the positive form in which it is pleaded, where the instruction clearly shows that it is such a recital. *pp. 301-303.*

TRIAL.—*Explaining Instructions.*—*Harmless Error.*—It is not reversible error to give an instruction which, while objectionable when standing alone, is so fully explained and controlled by other instructions that it could not possibly mislead the jury. *pp. 303, 304.*

SAME.—*Presumption.*—*Harmless Error.*— It will be presumed that the jury was controlled by the evidence, and that an instruction which implies possible facts of which there was no evidence was harmless. *p. 304.*

SAME.—*Repeating Instructions.*— Repetitions of substantially the same instructions are in bad taste but do not constitute reversible error where the instructions correctly declare the law. *pp. 305, 306.*

RAILROADS.—*Appropriation of Right of Way.*—*Measure of Damages.* —The jury called to assess the damages for land taken for a railroad right of way were correctly instructed to take into consideration in estimating the owner's damages, among other things, the danger from fire, even though such danger was not specifically averred in the complaint, as danger from fire may be taken into consideration in assessing general damages in such a case. Henley, J., dissents. *p. 306.*

APPEAL AND ERROR.—*Weight of Evidence.*—A judgment will not be reversed for excessive damages on the weight of conflicting evidence, even though the prevailing evidence may seem to be unreasonable. *p. 307.*

From the Howard Superior Court.  *Affirmed.*

*A. E. Steele, J. A. Kersey, L. J. Kirkpatrick, J. F. Morrison* and *T. C. McReynolds,* for appellant.

*J. L. Custer,* for appellee.

COMSTOCK, J.—Action against appellant for damages for the wrongful appropriation of a strip of land owned by appellee.

The errors assigned are that the court erred (1) in overruling appellant's demurrer to the complaint; (2) in overruling appellant's motion for a new trial.

The objections made to the complaint are that it does not show that the appropriation was without right; that it does not aver that appellant appropriated the land without first having caused the damages to accrue therefrom to be assessed and tendered to appellee, or paid to the clerk of the circuit court for her benefit; that it will be presumed that the ap-

pellant corporation proceeded lawfully in the exercise of its statutory powers to do whatever the statute required to be done to acquire lawfully the land or the right to use the same; and that the complaint is defective because it does not negative the compliance on the part of the appellant with the terms of the statute.

The complaint avers that at the date of the acts complained of appellee was the owner of and in possession of the real estate described in the complaint; that appellant, without the leave of the appellee, appropriated to its use without any compensation made to appellee, and has since said time held, the exclusive possession thereof, and continuously deprived the appellee of her right to occupy and use the same. The facts for the omission of which appellant claims that the complaint is defective are matters of defense.

In *Pittsburgh, etc., R. Co.* v. *Beck,* 152 Ind. 421, at page 424, it is held, in an action for damage for the wrongful taking of appellee's land, that the complaint alleging that plaintiff was the owner in fee of the land described, that he was in the peaceable possession thereof under claim of title, the value of the land, its wrongful appropriation by appellant, and that the appellee sustained damages thereby for which judgment was demanded, was sufficient to withstand a demurrer.

The other alleged errors discussed arise upon the overruling of appellant's motion for a new trial. Exception was taken to the refusal of the court to give to the jury each of the instructions numbered from one to nine, inclusive, requested by appellant. The first, second, and third undertook to define the issues in the cause. Instructions given fully defined the issues, and in this action of the court there was therefore no error.

The fourth instruction told the jury that "if the appellee appeared fully to the appropriation proceedings, and excepted to the award for two certain reasons, she thereby waived all other irregularity or objection that there might

have been to, in, or about, said appropriation proceedings; that having so appeared thereto and therein, she had made her election of remedies, and could not after such appearance to such proceedings withdraw therefrom and resort to any other action; and that if she dismissed her said exceptions, she ratified the award, and that the only remedy left to her would be by an application for an order against the appellant to pay the award if it should not be otherwise paid or tendered."

Appellee was not bound to proceed under the statute for the assessment of damages. She might seek redress in an independent action for the injury sustained. The acquiescence of a landowner, while amounting to a waiver of his right to maintain ejectment, is not a waiver of his right to damages such as would have been recovered in a regular condemnation proceeding. *Indiana, etc., R. Co.* v. *Allen,* 113 Ind. 308, 3 Am. St. 650; *Pittsburgh, etc., R. Co.* v. *Harper,* 11 Ind. App. 481; *Chicago, etc., R. Co.* v. *Hall,* 135 Ind. 91, 23 L. R. A. 231.

In the case last cited, at page 103, the court say: "Taking the language employed in §3953, [R. S. 1881] 'It shall be lawful for the company owning the road, or for the party owning such lands  *  *  *  to apply to the proper court for the writ of assessment,' etc., excludes the idea that the common law right of action for damages is abrogated, and supports the theory that the statute furnishes him this remedy in addition to the one with which he was vested under the common law." At page 104, the court further say: "To be denied, by statute, a remedy possessed before its enactment, its terms should be express, or so clearly repugnant to the exercise of it as to imply a negative." Appellee had the right of action independent of the statute. The remedy given by the statute was cumulative. *American, etc., Co.* v. *Town of Batesville,* 139 Ind. 77.

The answer is in two paragraphs; the first a general denial; the second alleged the institution of the condemna-

tion proceedings under the statute, the report of the appraisers, the tender of the amount of the award to appellee, exceptions thereto within ten days, appeal to the circuit court by appellee, her dismissal of said appeal, and that said cause was stricken from the trial docket.

The statute, §5160 Burns 1894, §3907 Horner 1897, provides that "Upon filing such act of appropriation and delivery of such copy, or making such publication, the circuit court or other court of record in the county where the land lies, or any judge thereof in vacation, upon the application of either party, shall appoint, by warrant, three disinterested freeholders of such county to appraise the damages which the owner of the land may sustain by such appropriation. Such appraisers shall be duly sworn. They shall consider the injury which such owner may sustain by reason of such railroad; and shall forthwith return' their assessment of damages to the clerk of such court, setting forth the value of the property taken or injury done to the property which they assess to the owner, or owners separately, to be by him filed and recorded; and, thereupon, such corporation shall pay to said clerk the amount thus assessed, or tender the same to the party in whose favor the damages are awarded or assessed; and on making payment or tender thereof in the manner herein required, it shall be lawful for such corporation to hold the interests in such lands or materials so appropriated, and the privilege of using any materials on said roadway and within fifty feet on each side of the center of such roadway, for the uses aforesaid. The cost of such award shall be paid by such company; and on notice by any party interested and showing said proceedings, the court may order the payment thereof, and enforce such payment by execution. The award of said arbitrators may be reviewed by the circuit court or other court in which such proceedings may be had, on written exceptions filed by either party in the clerk's office, within ten days after the filing of such award; and the court shall take

such order therein as right and justice may require, by ordering a new appraisement, on good cause shown: Provided, That notwithstanding such appeal, such company may take possession of the property therein described, as aforesaid, and the subsequent proceedings on the appeal shall only affect the amount of compensation to be allowed."

The landowner appears to the proceeding by filing an exception. Up to that time, in the case before us, appellee had not appeared. Appellee had the right to dismiss the appeal and withdraw her exceptions. In doing this there remained the award. Her exceptions were no longer pending. The award thus stood and gave appellant the right to take possession upon payment or tender of payment of the amount found by the appraisers; but it did not take from appellee a remedy older than that given by the statute.

The present action was not commenced until after the dismissal of the appeal. While the exceptions were still pending, appellee could not have sought another remedy. She could not have prosecuted two different actions at the same time. Upon the dismissal of the appeal, the award remained and the proceedings were as they had been before the exceptions were taken. In the condemnation proceedings appellant acquired the right upon payment or tender of payment of the award to enter upon and appropriate appellee's land for the purpose of constructing its road. But appellee was not bound to pursue the course prescribed by the statute. Her appeal and its subsequent dismissal entirely ignored the proceedings. The withdrawal of the exceptions without an acceptance of the award did not ratify the award. It is not claimed that the award was ever paid, either to appellee or the clerk of the circuit court. The statute provides that on the filing of exceptions to the award that the award may be reviewed by the court and "the court shall take such order therein as right and justice may require, by ordering a new appraisement, on good cause shown." In the case before us appellee evidently did

not desire a new appraisement, but preferred to submit her cause to a jury in an independent action.

By the fifth instruction the court was requested to instruct the jury, in effect, that the statutory remedy was exclusive. By the sixth, that if appellant had procured appellee's damages to be assessed at $300, and she had excepted to the award on the ground of inadequacy of the damages, and that the appraisers had considered matters improper to be considered, and on no other grounds, and thereafter voluntarily dismissed her said exceptions, she had thereby acquiesced in, ratified, and confirmed the award; that if the amount of the award was then tendered her before entry upon the land, the right of appellant to construct its road thereon became perfect; but that in order for appellant to avail itself of the defense, it must have been at all times since then ready and willing to pay her the amount of the award; that in such case appellee could not make appellant a wrongdoer from the start, unless she had made proper demand for the money, and it was refused; and that she could not make such demand through an agent, unless appellant knew of the agency.

What we have already said upon the effect of appealing from the award and dismissing the appeal renders it unnecessary to add anything on that part of the foregoing instruction. If appellant refused to comply with the demand of an agent of appellee duly authorized, it assumed the risk of that refusal. The question of demand, however, in this action was not a material one.

By the seventh instruction the court was asked to inform the jury substantially as charged in the sixth instruction with relation to the appraisement proceedings, the exceptions of appellee, and her dismissal of the appeal; and that all such proceedings constitute a judgment fixing the amount to which she would be entitled on account of the appropriation of the land; that she could not in any other action be heard to say that the damages were greater than those awarded her by the appraisers.

The eighth instruction refused was to the effect that if appellant prosecuted proceedings for appraisement, and appellee excepted to the award, that she could not withdraw therefrom and resort to other proceedings.

The ninth instruction relates principally to the proposition that appellant had the right to rely upon the fact that certain parties named were appellee's attorneys, because they filed exceptions for her to the award and afterwards withdrew them, and that appellant was under no obligation to take notice of any correspondence had with one J. W. Dawson in which a demand was made for the payment of the award, without some information of appellee's having either changed attorneys or added him to the list of those already named. The suit is not upon an award, but is a common law action to recover damages for wrongful acts of appellant. There was no error in refusing either of the foregoing instructions.

Appellant excepted to the first, third, fourth, fifth, seventh, eighth, ninth, eleventh, twelfth, and thirteenth instructions given by the court of its own motion. The objection made to the first is that the court in attempting to state the issues does not state them with sufficient fullness and makes an unfair assumption, as follows: "That by reason of said wrongful act of said company, she has sustained damages in the sum of $1,400, for which she demands judgment." The portion of the charge in quotation is clearly connected with the opening sentences of the instruction, as an averment of the complaint. The instruction is sufficiently full to inform the jury of the issues. The third is as follows: "The plaintiff has replied to the second paragraph of the defendant's answer by its reply of general denial, thus putting upon the defendant the burden of proving the allegations of such answer by a preponderance of the evidence before it can succeed thereon." In this instruction the word "its" is manifestly intended for "her". It correctly states the law. The fourth instruction is as fol-

lows: "The complaint is affirmative, and, being denied, must be proved by a preponderance of the evidence."

The language of the instruction is criticised. It is also claimed that defendant was not required to prove all the facts averred in the answer; that this objection was also applicable to the third instruction. These expressions only informed the jury in general terms as to the burden of proof. We can not say that the rights of appellant were prejudiced thereby.

The fifth instruction stated that "the plaintiff, to succeed upon her complaint, must show by a preponderance of evidence that the land taken was taken unlawfully and without right and license; that the things complained of in the complaint were unlawfully done." The objection urged is that the jury were directed to determine the law in a civil case, to determine whether the acts complained of were unlawfully done. The instruction in full is as follows: "The plaintiff to succeed upon her complaint must show by a preponderance of evidence that the land taken was so taken by defendant unlawfully, and without right or license; that the things complained of in complaint were unlawfully done; that she was the owner of said lands, and that she has sustained some damage on account of the things so done. So if you find from the evidence that the defendant did by its agents and servants unlawfully, and without license, take plaintiff's lands for its own use, and do the things complained of in the complaint, then I charge you that your finding should be for the plaintiff". Alone, this instruction may be open to the objection made, but in the fourteenth instruction the court charged the jury: "This is a civil case, and in it you are the judges of the facts. It is for you, and you alone, to say what has been proved, and what has not. It is for you, after taking into consideration all the facts and circumstances given in evidence, to determine and declare the truth, as you may find it to be. It is the duty of the court to state to you the issues to be tried,

the questions and constructions to be settled, and the law applicable thereto. The responsibility of determining the facts rests upon you, and you alone. The responsibility of the correctness of the statements of law as made by the court is upon the court, and the court alone. No matter what your individual opinions of the law may be, it is your duty to accept the law as it is given to you by the court, and apply it to the facts," etc.

In the light of the fourteenth instruction, the jury could not have been misled by the fifth instruction.

The seventh instruction is as follows: "It is averred in defendant's second paragraph of answer that the amount awarded plaintiff was tendered to her by defendant before they did the things complained of, and the evidence given upon that subject has been referred to by counsel in argument. The court charges you that a tender, such as is pleaded in said paragraph of defendant's answer, to be good and sufficient, must have been made to the person entitled thereto,—in this case to Margaret E. Patterson." It is urged that there is no evidence tending to show that any tender was made or attempted to be made to any one but appellee, yet the charge implies that it might have been made to some other woman at appellee's home and using her name, and that therefore the charge was not pertinent. It is to be presumed that the jury was controlled by the evidence. The instruction was harmless.

The part of the eighth instruction objected to is in these words: "National Bank notes are not money in which a sufficient tender can be made". The objection made thereto is that the evidence contains no reference to bank notes. The instruction states the law, and could not have been harmful.

The ninth instruction is as follows: "There are no particular words necessary to accompany the tender to make it good. The party making the tender must have the money, and offer it to the party entitled thereto. The mere offer-

ing to pay the money at some other time is not sufficient, and to offer it coupled with a condition is insufficient. The offer of a check or a certificate of deposit issued by a bank is not a good tender."

It is urged that unless there was evidence of an offer to pay at some other time there was an impropriety in charging the jury that such an offer would be wrongful. It is also claimed that it is not the law that the person making the tender must have the money and offer to pay it to the person entitled thereto. Appellant claims the law to be that if a person making the tender approaches the one to whom he offers to make the tender, and announces his purpose to make it at the time, and the person to whom the tender is about to be made declines to take the money, the tender is made. It was not improper for the court to tell the jury what acts would or would not constitute a tender.

In instruction ten the jury were instructed as follows: "If you find from the evidence that before the defendant entered upon plaintiff's lands, it, by its agents and manager, Harry E. Drew, called upon the plaintiff, Margaret E. Patterson, at her home, and said to her in substance that he called to tender her the sum of $300 in payment of her award, and that he held a bag containing $300 in gold coin, and she replied in substance that she could not take it, that he must see her husband, it was a good and sufficient tender." This instruction was based upon the testimony of appellant's agent, who testified to having made the tender, and, considered in connection with the ninth instruction, must have rendered that instruction harmless, even if incorrect.

The eleventh instruction is as follows: "If you find from the evidence that at the time mentioned in evidence the only offer or tender made by the defendant was a certificate of deposit, it would not be a good tender." Appellant insists that the reiteration on the subject of tender is re-

versible error. In *Herbert* v. *Drew*, 32 Ind. 364, it is held that repetitions of substantially the same instructions are in bad taste, but are not bad law.

In the twelfth instruction the jury are told to consider, first, the appellant's affirmative defense, and, if it was supported by the evidence, to find for the appellant. They were then instructed that if they did not find it supported by evidence, to consider appellee's complaint, and if they found it supported by evidence to find for appellee. This instruction was not unfavorable to appellant. The court fully instructed the jury as to the burden of proof upon the facts alleged in the complaint and answer, respectively.

The thirteenth instruction is as follows: "If your finding be for the plaintiff it will be your duty to assess her damages. In doing this you may take into consideration the value of the lands taken as shown by the evidence, and in addition you may take into consideration the damages sustained by the residue of plaintiff's lands as affected by such taking, and in doing this you may consider the location of the lands, the purposes for which they were or might have. been used, the character and quality of the lands, the conveniences for farming, if farm lands, before and after such taking, the shape and condition in which such lands are left, the damage of such land as affected, if affected by such taking and construction, the buildings and improvements on said lands and how affected, the danger of fire, if any has been shown, and the destruction of improvements, such as fences, if any be shown, and from all these things and all the evidence given in the case, it is for you to fix the amount of her recovery." The objection made to this instruction is that the jury were authorized to take into consideration in estimating appellee's damages the danger from fire. The instruction is sustained by the following cases: *Chicago, etc., R. Co.* v. *Hunter,* 128 Ind. 213; *Lafayette, etc., R. Co.* v. *Murdock,* 68 Ind. 137; *Swinney* v. *Ft. Wayne, etc., R. Co.,* 59 Ind. 205.

Counsel for appellant further claim that the instruction as to the danger from fire was not averred in the complaint, and that it was not, therefore, within the issues. The instruction proceeds correctly upon the theory that the danger from fire is a well known element of damages, and that for such hazard a recovery may be had by way of general damages accruing as the necessary result of the acts charged.

Counsel for appellant earnestly and ably argue that the assessment of damages and the amount of recovery are excessive, and that the verdict is contrary to the evidence. They recognize the rule of appellate courts that a judgment will not be reversed upon mere weight of evidence, but insist that the evidence is "so preposterous" as not to be binding upon this court. We do not feel warranted in adopting this view of counsel. The testimony is conflicting, but there is evidence fairly tending to support the verdict.

Reference is made in this connection to the allegation in the complaint of the possession and ownership of the appellee of the land in question and to the evidence that at the time of the acts complained of the land was rented and in the possession of a tenant; that her possession was necessary to a recovery. For the purposes of this controversy, the possession of appellee's tenant was the possession of appellee. We find no error for which the judgment should be reversed. Judgment affirmed.

Henley, J., dissents from that part of the opinion which holds that the jury may consider danger from fire in estimating appellee's damages.