DERLOSHON *v.* CITY OF FORT WAYNE.

[No. 268S38. Filed July 11, 1968.]

*Kenneth M. Waterman,* of Fort Wayne, for appellant.

*J. A. Bruggeman, J. Michael O'Hara,* and *Barrett, Barrett & McNagny,* of Fort Wayne, for appellee.

LEWIS, C. J.—This is an appeal from the Superior Court of Allen County, Room No. 3. The appellee requested oral argument; but, we have determined under Rule 2-21, as amended, to decide this case without oral argument.

The appellee, by complaint in eminent domain, condemned real estate owned by the appellant. The real estate was a lot 40 ft. x 140 ft.; it was zoned for heavy industrial use in Fort Wayne, Indiana. Under such zoning the lot could not be used for residential purposes. Evidence indicated the lot was too small to be desirable for heavy industrial use.

The jury awarded appellants Seven Hundred ($700) Dollars calculated on a value of 12½ cents per square foot. The evidence was conflicting as to the value of the lot. The appel-

lant submitted evidence giving a value as high as Eleven Thousand, Seven Hundred ($11,700) Dollars. The appellee's evidence ran as low as eight ($.08) cents per square foot.

The sole error complained of by the appellant is that the jury's award was too small and, therefore, was contrary to law. To support this argument, appellant contends that the evidence was introduced on the basis of cents per square foot rather than a calculated value for the whole of the real estate.

Appellant rationalizes her argument by saying that the evidence of the appellee's witnesses fixed the value of cents per square foot rather than a dollars value for the whole of the parcel condemned. Appellant contends that it was error to admit evidence of value based solely on a square foot value. However, appellant, in her motion for new trial, does not raise any question on admissibility of evidence. Her sole specification reads as follows:

"Error in the assessment of the amount of the recovery, in this, that the amount is too small."

Suffice it to say that appellant does not cite any authority for her argument that the court committed error in permitting evidence to be considered by which appraisers first evaluated on a square-foot basis. Appellant does cite authority for the proposition that this court does have authority on appeal to reverse an award where the damages are too small.

We conclude, however, where the evidence is in conflict, as it was in this case with six (6) appraisers testifying that it was solely within the province of the jury to arrive at a proper verdict of value. Where there is a conflict in the evidence the jury performs its proper function by considering the evidence and arriving at its verdict and it is the duty of this Court to sustain the verdict of the jury if there is evidence in the record to support such verdict. *Fowler* v. *Farm Bureau Mutual Ins. Co. of Ind.* (1965), 137

Ind. App. 375, 209 N. E. 2d 262; *The Chicago and West Michigan Railway Co.* v. *Huncheon et al.* (1892), 130 Ind. 529, 30 N. E. 636; *The Chicago, Indiana and Eastern Railway Co.* v. *Patterson* (1901), 26 Ind. App. 295, 59 N. E. 688; *Woodrow* v. *Woodrow* (1961), 131 Ind. App. 523, 172 N. E. 2d 883.

The evidence in the case at bar is ample to sustain the verdict. The appellant has failed to demonstrate error.

Judgment is affirmed.

Arterburn, Hunter and Jackson, JJ., concur; Mote, J., not participating.

NOTE.—Reported in 238 N. E. 2d 659.