BEVERLY OTT *vs.* PREFERRED TRUCK LEASING, INC., & others. March 18, 1980. 1. The plaintiff was ordered by a judge of the Superior Court to produce three documents claimed by the plaintiff to be privileged as

patient-psychotherapist communications under G. L. c. 233, § 20B. The
plaintiff applied to a single justice of this court for relief from that order
under G. L. c. 231, § 118, first par. (as to which see *Demoulas Super
Mkts., Inc.* v. *Peter's Mkt. Basket, Inc.*, 5 Mass. App. Ct. 750, 752 n.3
[1977]). The single justice denied relief, and the plaintiff appealed from
the order of denial. That appeal is interlocutory and is improperly before
us. "[A]lthough G. L. c. 231, § 118 [, first par.], authorizes appellate re-
lief from interlocutory orders of the Superior Court, this statute does not
entitle a litigant as matter of right to review of an appellate order denying
relief under G. L. c. 231, § 118 [, first par.], from such a Superior Court
order." *Cappadona* v. *Riverside 400 Function Room, Inc.*, 372 Mass.
167, 169 (1977). The second paragraph of Rule 2:01 of the Appeals
Court, as amended, 3 Mass. App. Ct. 806 (1975), authorizes appellate
review of orders of single justices only "in the same manner and to the
same extent that the determination of a like matter by a single justice of
the Supreme Judicial Court may be reviewed by the full court of the
Supreme Judicial Court." 2. Following the claiming of the appeal
discussed above, the plaintiff filed a petition in the Supreme Judicial
Court under G. L. c. 211, § 3, again seeking relief from the Superior
Court's discovery order. That petition was denied by a single justice of
that court "[t]o the extent that [it] seeks relief from this court under G. L.
c. 211, § 3" and was transferred to this court "[t]o the extent, if any, that it
seeks other relief." A single justice thereafter entered an order denying all
relief, and the plaintiff claimed an appeal from that order. There is no
merit to the plaintiff's contention that the order of the single justice of the
Supreme Judicial Court delegated to this court any question of relief
under G. L. c. 211, § 3, a course disapproved in *Fadden* v. *Com-
monwealth*, 376 Mass. 604, 608 (1978). Consequently the appeal from
the order by the single justice of this court presents no question as to the
present appealability of orders in civil cases under G. L. c. 211, § 3. Con-
trast *Cappadona* v. *Riverside 400 Function Room, Inc.*, *supra* at 170,
with *Borman* v. *Borman*, 378 Mass. 775, 784 n.13 (1979). The instant ap-
peal is therefore indistinguishable from the appeal considered in part 1
hereof and is similarly before us improperly.

*Appeals dismissed.*

*Kenneth H. Tatarian* (*H. Glenn Alberich* with him) for the plaintiff.
*Eugene F. Nowell* for the defendants.