Anthony COSTA and Sandra Costa,
Plaintiffs-Respondents,

v.

Robert NEIMON, Defendant-Appellant.

Court of Appeals

*No. 84–455. Submitted on briefs February 1, 1985.—*
*Decided March 1, 1985.*
(Also reported in 366 N.W.2d 896.)

For the defendant-appellant the cause was submitted on the briefs of *O'Connell and O'Connell,* with *Emmett O'Connell* of counsel, of Milwaukee.

For the plaintiffs-respondents the cause was submitted on the briefs of *Jacobson, Sodos & Krings, S.C.,* with *Alan L. Derzon* of counsel, of Milwaukee.

Before Wedemeyer, P.J., Moser and Sullivan, JJ.

SULLIVAN, J. Robert Neimon (Neimon) appeals from a judgment awarding $8,500 in damages, plus costs, interest and attorney's fees, to Anthony and Sandra Costa (the Costas) for Neimon's negligent misrepre-

sentation as to the fair market value of certain real property. The principal issue presented for review is whether a real estate appraiser may be held liable to third parties, not in privity, for negligent misrepresentation. We hold that a real estate appraiser may sustain such liability, and we affirm the liability aspect of the judgment. We reverse the award of damages because it is not supported by the evidence.

In April, 1976, the Costas signed an offer to purchase real estate located on South 17th Street in the city of Milwaukee; the seller was a local real estate company. The offer to purchase contained a subject-to-financing clause, which provided that the closing of the transaction was contingent upon the Costas' securing a state Veterans Administration-guaranteed mortgage. The realtor arranged for the Costas to meet with a loan officer from Mortgage Associates. The Costas applied for a loan.

Mortgage Associates retained Neimon's services for an appraisal of the subject property. Neimon appraised the property as having a fair market value of $21,500. The loan was approved, and the sale closed in July, 1976. Later that month, the Costas thought about relocating and sought information about the appraisal done by Mortgage Associates. Both Mortgage Associates and the state Veterans Administration denied access to the appraisal. Thereafter, the Costas hired an independent appraiser to value the property. The Costas' appraiser determined that the fair market value of the property was $13,000. The Costas lost the property in a mortgage foreclosure in 1979 for failure to make the monthly payments.

The Costas filed suit in 1977 against Neimon and Mortgage Associates. Mortgage Associates was dismissed from the action on its motion for summary judgment. A jury trial in October, 1983, culminated in a judgment for the Costas in the total sum of $9,629.74.

The trial court affirmed the judgment on motions after verdict. Neimon appeals from the judgment.

Neimon's first argument is that a real estate appraiser who is hired by one other than the purchaser, and not on behalf of the purchaser, owes no duty of care to the purchaser. Neimon contends he owed a duty only to the lender that hired him and to the Veterans Administration, the guarantor of the loan.

Neimon's reliance on the lack of privity between him and the Costas is misplaced. As our supreme court has noted, lack of privity as a defense to a negligence action was substantially destroyed in 1916 with *MacPherson v. Buick Motor Co.*, 111 N.E. 1050 (N.Y. 1916). *See A.E. Investment Corp. v. Link Builders, Inc.*, 62 Wis. 2d 479, 487, 214 N.W.2d 764, 768 (1974).

While no Wisconsin case specifically holds that a real estate appraiser may be held liable to a third party not in privity of contract, we have no difficulty concluding that such liability may exist under Wisconsin law. In *A.E. Investment* the supreme court held that an architect may be liable to a third party not in privity. "The lack of privity does not constitute a policy reason for not imposing liability where negligence is shown to be a substantial factor in occasioning the harm." *Id.* at 488, 214 N.W.2d at 769. Likewise, lack of privity is no longer a barrier to an accountant's liability to a relying third party, *see Citizens State Bank v. Timm, Schmidt & Co.*, 113 Wis. 2d 376, 382–85, 335 N.W.2d 361, 364–65 (1983), or to an attorney's liability to a beneficiary of a will negligently drafted by the attorney, *see Auric v. Continental Casualty Co.*, 111 Wis. 2d 507, 512–14, 331 N.W.2d 325, 328–29 (1983).

"The duty of any person is the obligation of due care to refrain from any act which will cause foreseeable

harm to others even though the nature of that harm and the identity of the harmed person or harmed interest is unknown at the time of the act." *A.E. Investment,* 62 Wis. 2d at 483, 214 N.W.2d at 766. Thus, Neimon breached his duty of care if "it was foreseeable that his act or omission to act may cause harm to someone." *Id.* at 484, 214 N.W.2d at 766.

It is beyond serious dispute that an appraiser's negligently performed calculation of the value of property is an act or omission which would foreseeably cause some harm to someone. The most obvious "someone" is the party who hired the appraiser—in this case, the lender. Thus, an appraiser's failure to use due care in performing an appraisal is negligence because it is an act or omission in the face of foreseeable harm.

It is not necessary that the appraiser have foreseen the harm to the particular plaintiff, although here, as in *A.E. Investment,* harm to the plaintiff was foreseeable. Neimon should have foreseen that a prospective buyer of the property being appraised was "within the ambit" of harm which would result from a carelessly done appraisal. *See id.* at 485–86, 214 N.W.2d at 767.

Thus, under well-settled principles of Wisconsin negligence law, an appraiser may be held liable to a third party for negligence in performing an appraisal. We reject Neimon's argument that he owed no duty of care to the Costas.

■ Neimon's second argument is that the jury's finding of negligence was not supported by the evidence. The standard of review for a challenge to the sufficiency of the evidence has been frequently stated. In short, an appellate court must sustain the jury's verdict if there is any credible evidence which under any reasonable view fairly admits an inference supporting the jury's findings. *Krueger v. Mitchell,* 112 Wis. 2d 88, 104–05, 332 N.W.2d 733, 741 (1983).

The elements of negligent misrepresentation are (1) that the defendant made the alleged representation of fact, (2) that such representation was untrue, (3) that the defendant was negligent in making the representation, and (4) that the plaintiff believed the representation to be true and relied thereon to his or her damage. *See* Wis J I—Civil 2403. Our review of the record uncovers ample evidence to support each element.

Neimon made a representation of fact that the real estate in question had a fair market value of $21,500. Neimon contends that this appraisal was an "opinion," not a representation of fact. However, Wis J I—Civil 2403 instructs that "a statement of opinion, which carries with it an implied assertion that the speaker knows that the facts exist which support his opinion, may in [the jury's] discretion, be determined by [it] to be a representation of fact." The jury heard testimony indicating that a real estate appraiser, in making an appraisal, gathers and assesses facts bearing on such things as a property's square footage, improvements, cost to rebuild and depreciation and on sales of comparable properties in the marketplace. The jury was entitled to determine that Neimon, in stating an appraisal value, made a statement of opinion carrying with it the implied assertion that he knew that facts existed which supported his opinion. The evidence supports a finding that Neimon made a representation of fact.

As for the truth of the representation, the jury heard the testimony of Earl Schier, a real estate appraiser and past president of the Society of Real Estate Appraisers, who said that the value of the subject property was not $21,500 but $13,000. The jury also heard the testimony of Louis de Coriolis, a real estate broker who had placed values on hundreds of properties. He testified that when he saw the property in question in 1979, it had a value of $14,000 and that real estate values were higher

in 1979 than in 1976, when the Costas purchased the property. From this evidence the jury was justified in finding that Neimon's representation that the property was worth $21,500 was untrue.

Credible evidence also exists to support a finding of negligence on Neimon's part in making the representation that the property was worth $21,500. The expert testimony of Earl Schier analyzed in detail the errors made by Neimon, including his use of the wrong square footage in his calculations and his failure to consider that the home's lower level was not habitable. Schier testified that it was his opinion, based on the standards recognized in the community for real estate appraisers, that Neimon was negligent.

As for the reliance element of negligent misrepresentation, Neimon contends that since the Costas did not know he had performed an appraisal, they could not have relied on it. Testimony in the record establishes that the Costas understood, and correctly so, that in order for a state VA loan to be approved, the property must be appraised at a value at least equal to the selling price. Thus, the jury could rightly infer that when the loan went through, the Costas believed that the property had been appraised as having a value of at least $21,500. The jury's finding that the Costas believed and relied on Neimon's negligent misrepresentation is supported by the evidence.

The four elements of negligent misrepresentation were established by ample credible evidence. Accordingly, we uphold the jury's verdict as to liability.

Finally, Neimon argues that the $8,500 award of damages is not supported by any evidence in the record. Any credible evidence of the damage claimed is sufficient to sustain the jury's award. *Gyldenvand v. Schroeder,* 90 Wis. 2d 690, 697, 280 N.W.2d 235, 238–39 (1979).

Where negligent misrepresentation is found, the "out-of-pocket" rule for measuring damages applies; under this rule the measure of damages is the difference between the market value of the property as it was when purchased and the amount the plaintiff paid for it. *Id.* at 697–98, 280 N.W.2d at 239. The trial court properly instructed the jury on the out-of-pocket rule. *See* Wis J I—Civil 2406.

It appears, however, that the jury applied the "benefit of the bargain" rule, under which the measure of damages is the difference between the value of the property as it was when purchased and what it would have been if it had been as represented. *Id.* at 697, 280 N.W.2d at 239. The jury awarded the Costas $8,500 which equals the difference between the value of the property as represented, $21,500, and the value of the property as it was when purchased, $13,000. The benefit of the bargain rule is only applicable where the misrepresentation was intentional. *Id.*

The only evidence in the record as to what the Costas actually paid toward the property in question is that they made a down payment of $1,000 and made some monthly mortgage payments of an unspecified amount before the property went into foreclosure. The evidence does not support a finding that the Costas suffered $8,500 in out-of-pocket damages.

Here, as in *Gyldenvand, id.* at 698, 280 N.W.2d at 239, no instruction was given on consequential damages, nor does it appear from the record that such an instruction was requested. Proximately caused consequential damages, if proved with reasonable certainty and not duplicative of general damages, may be recovered in cases of negligent misrepresentation. *Id.* The Costas' loss of their home due to their inability to make the monthly payments may be a consequential damage resulting from the misrepresentation.

In *Gyldenvand* the supreme court remanded the case for a new trial in the interest of justice on the issue of out-of-pocket, and possibly consequential, damages. *Id.* at 699–700, 280 N.W.2d at 239–40. We follow that lead here, both in the interest of justice and because it appears the real controversy has not been fully tried. *See* sec. 752.35, Stats. The retrial is limited solely to the issue of the Costas' consequential and out-of-pocket damages, if any. The liability aspect of the judgment shall stand.

*By the Court.*—Judgment affirmed in part, reversed in part and cause remanded.