APPLICATION OF RALPH H. O'BRIEN. October 26, 1988. *Practice, Civil,* Discovery, Appeal, Interlocutory appeal.

This is an appeal from an order compelling a nonparty witness in the Commonwealth to give deposition testimony and to produce documents relating to a New Jersey action. The witness, Arthur F. Flaherty, was an attorney for Mohawk Data Sciences Corp. (Mohawk),[1] the defendant in the New Jersey action. Flaherty also became a director of Mohawk. Both before and after becoming a director, Flaherty negotiated, drafted, or approved employment and insurance contracts between Mohawk and Ralph H. O'Brien, the plaintiff in the New Jersey action. These contracts are the subject of the New Jersey action.

O'Brien filed a motion in the Superior Court pursuant to Mass. R. Civ. P. 37 (a) (2), 365 Mass. 797 (1974), to compel Flaherty to testify and to produce documents. See G. L. c. 223A, § 11 (1986 ed.). A judge in the Superior Court allowed the motion, in part, by directing Flaherty to answer those questions (a) which related to "discussion at meetings of Mohawk's Board of Directors during the period of time in which [Flaherty] was a director of Mohawk" and (b) which related to his role "as both an attorney for Mohawk and a director of Mohawk." The judge also ordered Flaherty to produce the documents requested, except any documents prepared by him "prior to the date on which he became a director."

---

[1] Mohawk Data Sciences Corp. has since changed its name to Qantel Corporation.

On May 26, 1988, Mohawk filed a notice of appeal on the order. The motion judge denied a stay pending appeal. On July 22, 1988, a single justice of the Appeals Court granted a stay of the order pending appeal. O'Brien filed a motion to dismiss the appeal. The parties filed a joint motion to expedite the appeal, which was allowed by the Chief Justice of the Appeals Court. We then transferred the case sua sponte to this court.

O'Brien maintains that the motion judge's order was interlocutory and therefore not appealable, citing our decision in *Cronin* v. *Strayer,* 392 Mass. 525, 528 (1984). We agree. Discovery orders generally are not appealable because the witness who asserts a privilege can decide not to comply with the discovery order, and the witness can obtain review on appeal from a sanction for noncompliance. *Borman* v. *Borman,* 378 Mass. 775, 782-784 (1979). No appeal was sought under G. L. c. 231, § 118, first par. (1986 ed.), nor did the single justice report the matter to the Appeals Court pursuant to § 118, first par. Thus, the appeal cannot be viewed as properly before the court on this theory. *Cappadona* v. *Riverside 400 Function Room, Inc.,* 372 Mass. 167, 169 (1977). *Ott* v. *Preferred Truck Leasing, Inc.,* 9 Mass. App. Ct. 875, 876 (1980). See *Packaging Indus. Group, Inc.* v. *Cheney,* 380 Mass. 609, 614 (1980).

As we indicated in *Borman,* the fact that the witness may claim a privilege during a deposition does not make an interlocutory order as to discovery appealable. This is not an extraordinary case, as was involved in *United States* v. *Nixon,* 418 U.S. 683 (1974). See *Borman, supra* at 783.

*Appeal dismissed.*

*William F. Looney, Jr.* (*Peter J. Pingitore* with him) for Ralph H. O'Brien.

*Ivy S. Fischer* of New York (*Steven B. Stein* with her) for Mohawk Data Sciences Corp.