B.C. EMMONS, Appellant–
Respondent Below,

v.

James R. & B. Darlene BROWN,
Appellee–Plaintiff Below.

No. 18A02–9202–CV–67 [1].

Court of Appeals of Indiana,
Third District.

Sept. 28, 1992.

Stephen L. Hunyadi, Richmond, for appellant.

Mark L. Abrell, Dennis, Wenger, Abrell & Brown, Muncie, for appellee.

STATON, Judge.

James and Darlene Brown sued Emmons in Small Claims Court, seeking damages for Emmons' allegedly negligent appraisal of their home. The court found in favor of the Browns and entered judgment against Emmons for $2990.00 plus costs. On appeal, Emmons raises the sole issue of whether the Browns had standing to bring a negligence action.

We reverse.

Intending to obtain Federal Housing Administration (FHA) financing in September 1990, the Browns entered an agreement to purchase a house. Shortly thereafter, Emmons, an FHA appraiser, valued the house at $37,000.00 and reported, among other things, that the roof was sound. The Browns closed on the house in November without ever having seen the contents of the appraisal report.

In May 1991, the Browns returned home after a heavy rain and discovered water on the floor of one of the bedrooms and a large crack in the ceiling. The Browns brought suit against Emmons in July 1991, alleging that Emmons was negligent in failing to detect major observable defects in the roof at the time of the appraisal. The case was tried in October 1991. At trial, the Browns submitted a copy of an Appraisal Field Review Report that was

---

**1.** This case was diverted to this office by order of the Chief Judge.

executed by the U.S. Department of Housing and Urban Development (HUD) in August 1991 pursuant to the Browns' complaint about their roof. In the HUD report, the chief appraiser stated that Emmons should have required that a new roof be put on the house before he approved FHA financing. The Browns also produced a receipt for $2990 .00, the cost of repairing the roof.

■ On appeal, a general judgment will be sustained upon any theory consistent with the evidence and we will neither reweigh the evidence nor rejudge the credibility of witnesses. *Picadilly v. Colvin* (1988), Ind., 519 N.E.2d 1217.

■ In their negligence claim against Emmons, the Browns contend that Emmons negligently conducted an appraisal of the house, thereby inducing the Browns to purchase it. To recover on a theory of negligence, a plaintiff must establish three elements:

(1) a duty on the part of the defendant to conform his conduct to a standard of care arising from his relationship with the plaintiff, (2) a failure of the defendant to conform his conduct to the requisite standard of care required by the relationship, and (3) an injury to the plaintiff proximately caused by the breach.

*Webb v. Jarvis* (1991), Ind., 575 N.E.2d 992, 995, *reh. denied.* We need address only the first element relating to the existence of a duty.

Emmons' obligation to perform the appraisal stemmed from his employment relationship with FHA as an appraiser. Although the Browns acknowledge the absence of a contractual relationship between themselves and Emmons, they assert that Emmons owed them a duty because the Browns were third party beneficiaries to Emmons' employment contract with FHA.

The status of a third party beneficiary may be used as a basis of duty in a negligence action. *St. Paul Fire & Marine Insurance Co. v. Pearson Const. Co.* (1989), Ind.App., 547 N.E.2d 853, 857. To constitute a third party beneficiary contract, the following requirements must be satisfied:

(1) the intent to benefit the third party must be clear;

(2) the contract must impose a duty on one of the contracting parties in favor of the third party; and

(3) the performance of the terms must necessarily render to the third party a direct benefit intended by the parties to the contract.

*NN Investors Life Insurance Co. Inc. v. Crossley* (1991), Ind.App., 580 N.E.2d 307, 309, *trans. denied.* (citations omitted).

In support of their argument, the Browns point out that the appraisal report identified them as the owner/occupant of the house and that it indicated the report may be used by the borrower. However, neither of these provisions indicates a clear intent on the part of Emmons and FHA to render a direct benefit to the Browns. Thus, it appears that the Browns would not qualify as third party beneficiaries to the FHA appraisal.

Additionally, although no Indiana court has spoken on the specific issue of whether borrowers are third party beneficiaries to FHA appraisals, we are persuaded by the treatment of this question by other jurisdictions that have concluded borrowers are not afforded such status.

Addressing facts very similar to those in the present cause, the Court of Appeals of Minnesota held that as a matter of law, an FHA appraiser owes a duty of care only to the federal government. *Baker v. Surman* (1985), Minn.App., 361 N.W.2d 108, 111.

A potential home buyer is a foreseeable recipient of an appraisal. However, the buyer cannot rely upon an FHA appraisal as a warranty of the value or condition of the home. *The primary and predominant objective of the FHA appraisal system is the protection of the government and its insurance funds.* The mortgage insurance funds do not insure anything other than the repayment of loans made by lender mortgages. *The legislative history of the program makes it clear that Congress did not*

intend to establish a duty of care for the benefit of mortgagors. *United States v. Neustadt*, 366 U.S. 696, 706, 81 S.Ct. 1294, 1300, 6 L.Ed.2d 614 (1961); *Cason v. United States*, 381 F.Supp. 1362, 1367 (W.D.Mo.1974); *Summers v. United States*, 510 F.2d 123, 125 (8th Cir.1975). In the absence of such a duty, home buyers cannot recover damages for negligent appraisal from the federal government or an appraiser employed by the government. *See Gay v. Broder*, 109 Cal.App.3d 66, 167 Cal.Rptr. 123 (1980) (Veterans Administration appraiser not liable to home buyer for negligent appraisal of home). (Our emphasis).

*Baker, supra,* at 111.

Similarly, in analyzing the legislative history of the National Housing Act,[2] the U.S. Supreme Court found that Congress intended for only the federal government to benefit from FHA appraisals:

> [By] requiring sellers to inform prospective buyers of FHA–appraised value, it had been recognized in Congress that FHA appraisals would be a matter of public record, and would thus inure, incidentally, to the benefit of prospective home purchasers, by affording them the 'benefit of knowing the appraised value set upon the property ... by a trained valuator acting in accordance with a procedure designed to reduce to a minimum, errors that might result from casual or hasty conclusions.' But at the same time, *it was repeatedly emphasized that the primary and predominant objective of the appraisal system was the 'protection of the Government and its insurance funds';* that the mortgage insurance program was not designed to insure anything other than the repayment of loans made by lender-mortgagees; and *'that there is no legal relationship between the FHA and the individual mortgager.'* Never once was it even intimated that, by an FHA appraisal, the Government would, in any sense, represent or guarantee to the purchaser that he was receiving a certain value for his money. (Our emphasis).

*Neustadt, supra,* 366 U.S. at 708–09, 81 S.Ct. at 1301 (quoting H.R.Conf.Rep. No. 2271, 83d Cong., 2d Sess., p. 66–67; 78 Cong.Rec. 11981; 1st Annual Report of FHA 15 (1935)). Although *Neustadt* was based on a different theory of liability,[3] we believe the U.S. Supreme Court rejected the notion that Congress intended to establish a duty of due care for the benefit of borrowers such as the Browns. *Accord, Cason, supra.* Thus, we conclude that the Browns were not third party beneficiaries to the FHA appraisal.

We note that courts in Iowa and Wisconsin have allowed recovery by home purchasers for damages resulting from negligently performed appraisals. *See Larsen v. United Federal Savings & Loan Assoc. of Des Moines* (1981), Iowa, 300 N.W.2d 281; *Costa v. Neimon* (1985), 123 Wis.2d 410, 366 N.W.2d 896 (Ct.App.1985). However, those claims were grounded on theories of negligent misrepresentation; providing recovery because it was reasonably foreseeable the home purchasers would rely to their detriment on the appraisals. Indiana has declined to recognize the tort of negligent misrepresentation in the context of rendering professional opinions. *See e.g., Nicoll v. Community State Bank* (1988), Ind.App., 529 N.E.2d 386, 391 *trans. denied; Essex v. Ryan* (1983), Ind. App., 446 N.E.2d 368, 371. In Indiana, a professional owes no duty to one with whom he has no contractual relationship unless the professional has actual knowledge that such third person will rely on his professional opinion. *Webb, supra,* at 996; *Essex, supra,* at 371.

The Browns do not allege, nor does the record indicate, that Emmons had actual knowledge the Browns would rely on Emmons' appraisal. In fact, the record indi-

---

**2.** 12 U.S.C. § 1701 et seq. (Supp.1990).

**3.** In *Neustadt,* the home purchasers brought an action against the United States under the Federal Tort Claims Act for damages suffered when the home purchasers relied on a negligently

excessive FHA appraisal and paid a price in excess of the fair market value of the home. The home purchasers' theory of recovery was negligent misrepresentation, rather than simple negligence as in the present cause.

cates that the Browns had not even seen the appraisal when they made an offer to purchase the house, nor when they closed on the house. The fact that the Browns chose to obtain FHA financing because they knew an appraisal would be conducted has no relevance. The crucial issue is whether Emmons had actual knowledge that the Browns were going to rely on his appraisal, rather than whether the Browns, in fact, relied on it. Because there was no privity between Emmons and the Browns, and Emmons had no actual knowledge that the Browns would rely on his appraisal, Emmons owed no duty of care to the Browns in conducting the appraisal.

Our result today is consistent with *A.B.C. Home and Real Estate Inspection, Inc. v. Plummer* (1986), Ind.App., 500 N.E.2d 1257, in which we awarded damages to purchasers of a home against an inspector because of negligence in performing the inspection. In *A.B.C. Home,* the purchasers were deemed classic third party beneficiaries because the inspection was arranged pursuant to their request. Unlike the appraisal at bar, which was required by the National Housing Act irrespective of whether the Browns wanted it to be performed,[4] the inspection in *A.B.C. Home* was done solely because the purchasers requested it. Thus, it was clear that all parties intended for the inspection to benefit the purchasers.

Because we find that Emmons owed no duty to the Browns in performing the appraisal, the Browns' negligence claim must fail.

Reversed.

HOFFMAN, J., concurs.

CHEZEM, J., concurs in result.