Michael T. BLOCK, Appellant–Plaintiff,

v.

LAKE MORTGAGE COMPANY, INC., Jon Krumm, and Southlake Appraisal Service, Appellees–Defendants.

No. 37A03–9203–CV–80.

Court of Appeals of Indiana, Third District.

Oct. 29, 1992.

Rehearing Denied Jan. 5, 1993.

---

John E. Kolas, Medley, Smith, Kolas & Tollema, Carmel, Voyle A. Glover, Schererville, for appellant.

R. Lawrence Steele, Jill M. Madajczyk, Hodges & Davis, P.C., Merrillville, for appellee Lake Mortg. Co., Inc.

David E. Wickland, Munster, for appellees Jon Krumm and Southlake Appraisal Service.

HOFFMAN, Judge.

Appellant-plaintiff Michael T. Block (Block) appeals the trial court's grant of summary judgment in favor of appellees-defendants Lake Mortgage Company, Inc. (Lake Mortgage), Jon Krumm (Krumm), and Southlake Appraisal Service (Southlake).

The facts relevant to the appeal disclose that Block began looking for a house to purchase in the Hammond area in the fall of 1989. After viewing approximately nine homes, Block made an offer of $83,000.00 on a house with a listing price of $85,000.00. The seller accepted the offer, and the parties executed a purchase agreement on March 1, 1990. Block then contacted Lake Mortgage to arrange financing and to inquire about an IHFA loan. In accordance with state and federal regulations governing IHFA loans, Lake Mortgage enlisted the services of Krumm and his company, Southlake, to conduct an appraisal of the property. Krumm's appraisal estimated the market value of the property as of March 14, 1990 to be $83,000.00, the same amount as Block's offer. Lake Mortgage informed Block of the appraisal figure prior to the closing but did not provide him with a copy of the appraisal until after the closing.

A short time after the closing, a realtor who had assisted Block in his house search informed him that he had paid too much for the house. Block then hired two appraisers, Sandra Adomatis and Daniel Barrick, who estimated market values of $56,000.00 and $57,355.00 respectively for the property. On November 13, 1990, Block filed a complaint against Lake Mortgage, Krumm, and Southlake for actual and constructive fraud. Krumm and Southlake filed a motion for summary judgment on August 12, 1991, and Lake Mortgage filed a motion for summary judgment on August 13, 1991. The court held a hearing on the motions on October 4, 1991, after which it took the matter under advisement. On December 2, 1991, the court entered findings of fact and conclusions of law granting summary judgment in favor of Lake Mortgage, Krumm, and Southlake. This appeal ensued.

Although the trial court's entry of findings of fact and conclusions of law with its order granting summary judgment was inappropriate, it aids our review by providing us with a statement of reasons for the trial court's actions. *See P.M.S., Inc. v. Jakubowski* (1992), Ind.App., 585 N.E.2d 1380, 1381 n. 1. This Court may affirm a grant of summary judgment only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. We must liberally construe all designated evidentiary matter in favor of the non-moving party and resolve any doubt against the moving party. Even if the non-moving party will not succeed at trial, summary judgment is inappropriate where material facts conflict or undisputed facts lead to conflicting inferences. *State Bd. of Tax Com'rs v. New Energy Co.* (1992), Ind.App., 585 N.E.2d 38, 39. Absent a genuine issue of material fact, this Court will affirm a grant of summary judgment on any legal basis supported by the

designated evidentiary matter found in the record.[1]

■ In his complaint, Block alleges two bases for recovery: actual fraud and constructive fraud. The elements of actual fraud are as follows:

"1. a material misrepresentation of past or existing fact by the party to be charged which

2. was false,

3. was made with knowledge or in reckless ignorance of the falsity,

4. was relied upon by the complaining party, and

5. proximately caused the complaining party injury."

*Pugh's IGA v. Super Food Services, Inc.* (1988), Ind.App., 531 N.E.2d 1194, 1197. The elements of constructive fraud are as follows:

"1. a duty owing by the party to be charged to the complaining party due to their relationship,

2. violation of that duty by the making of deceptive material misrepresentations of past or existing facts or remaining silent when a duty to speak exists,

3. reliance thereon by the complaining party,

4. injury to the complaining party as a proximate result thereof, and

5. the gaining of an advantage by the party to be charged at the expense of the complaining party."

*Id.* Unlike actual fraud, intent to deceive is not an element of constructive fraud.

Rather, the law infers fraud from the relationship of the parties and the circumstances which surround them. *Id.*

■ Mere expressions of opinion cannot be the basis for an action in fraud; an action in fraud requires a misrepresentation of material fact. *Id.* at 1198. Although the instant parties agree with the trial court's conclusion that an appraisal is an opinion of value rather than a statement of fact,[2] Block contends that "the KRUMM appraisal presents itself as a compilation of facts gleaned by comparing the subject house to houses sold in the area." He then compares the Krumm appraisal to the appraisal of Sandra Adomatis, an appraiser he hired after closing on the house, to demonstrate his point; however, as appellees note, one need only examine eminent domain cases to realize that different appraisers can value properties at different amounts. *See, e.g., Derloshon v. City of Fort Wayne* (1968), 250 Ind. 643, 238 N.E.2d 659. According to *In re Owen,* 70 B.R. 366, 368 (Bkrtcy.N.D.Ind., 1987), *rev'd on other grounds, In re Galvan* Bankr. L.Rep. (CCH) ¶ 73,254 (Feb. 21, 1990): "an appraisal of property is not the result of a scientific analysis, but is, rather, a subjective opinion which can and does differ from the next appraisal even though both may be based on current real estate market trends. [Citation omitted.]" The trial court correctly concluded that Krumm's appraisal was an opinion and, thus, not actionable under a theory of fraud.

---

1. This Court would note that the 1991 Amendment to Ind. Trial Rule 56 rewrote subdivision (C) which states in pertinent part:

"At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. A party opposing the motion shall also designate to the court each material issue of fact which that party asserts precludes entry of summary judgment and the evidence relevant thereto. The judgment sought shall be rendered forthwith if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The amendment also inserted subdivision (H) which reads as follows:

"**Appeal–Reversal.** No judgment rendered on the motion shall be reversed on the ground that there is a genuine issue of material fact unless the material fact and the evidence relevant thereto shall have been specifically designated to the trial court."

2. The trial court also concluded that an appraisal is an opinion of what the property would sell for in the future. Whether or not this conclusion is correct is irrelevant since this Court will affirm summary judgment on any legal theory supported by the designated evidentiary matter found in the record.

Next, Block asserts that, with respect to his constructive fraud claim, the trial court erred in concluding that Lake Mortgage did not have a fiduciary relationship with him. A fiduciary relationship does not exist between a lender and a borrower unless certain facts exist which establish a relationship of trust and confidence between the two. *Mantooth v. Federal Land Bank* (1988), Ind.App., 528 N.E.2d 1132, 1138–1139. Here, the record shows that Block contacted Lake Mortgage to arrange for the financing of the property and that he entered into the purchase agreement prior to contacting Lake Mortgage. The record also shows that Block himself suggested the $83,000.00 purchase price without any inducement or coercion on the part of Lake Mortgage. Contrary to Block's assertion, there was no evidence of a relationship between him and Lake Mortgage other than that of debtor and creditor; therefore, the trial court did not err in finding same. *See Nicoll v. Community State Bank* (1988), Ind.App., 529 N.E.2d 386.

Block further contends the trial court erred in concluding that he had no right to rely on the Krumm appraisal. In *Emmons v. Brown* (1992), Ind.App., 600 N.E.2d 133, this Court held that, in order to recover for the negligent appraisal of a house, the buyers had to show that they were in privity with the appraiser or that the appraiser had actual knowledge that they would rely on the appraisal. At 135. With respect to the privity issue, the instant record shows that Lake Mortgage contracted with Krumm and Southlake for the appraisal and that Block had no contact whatsoever with Krumm at any time prior to the sale. Consequently, Krumm's obligation to perform the appraisal stemmed from his employment relationship with Lake Mortgage, and as there was no evidence of a clear intent on the part of Krumm and Lake Mortgage to render a direct benefit to Block, Block does not qualify as a third-party beneficiary to the appraisal. *Id.* at 133. The trial court did not err in finding that Block was neither a privy nor a third-party beneficiary to the contract between Krumm and Lake Mortgage.

As to the actual knowledge issue, the record shows that Block's name was on the purchase agreement and that he paid an appraisal fee of $225.00. There was no evidence, however, that Krumm had actual knowledge that Block was going to rely on the appraisal. Although Block acknowledges the absence of actual knowledge, he cites two out-of-state cases which permitted recovery because it was reasonably foreseeable the home buyers would rely to their detriment on the appraisals: *Larsen v. United Fed. Sav. & Loan Ass'n* (1981), Iowa, 300 N.W.2d 281, and *Costa v. Neiman* (1985), 123 Wis.2d 410, 366 N.W.2d 896. This Court may turn to outside authority when there is a lack of Indiana authority (*Smith v. Beneficial Fin. Co.* (1966), 139 Ind.App. 653, 655, 218 N.E.2d 921, 922); however, there is no such lack of authority here. As previously discussed, Indiana requires actual knowledge on the part of the appraiser; therefore, the trial court's ruling was not erroneous.

Lastly, Block argues that the trial court erred in concluding that Krumm did not "knowingly" or "intentionally" make a false appraisal in an attempt to obtain property from Block. It is apparent from the conclusion (number 8) that the court confused the criminal offense of deception, IND.CODE § 35–43–5–3 (1991 Supp.), with the civil action of fraud; however, any error was harmless. As previously stated, this Court will affirm a grant of summary judgment on any legal theory supported by the designated evidentiary matter found in the record. We affirm on the theory that appraisals are expressions of opinion rather than fact and, thus, are not actionable under a theory of fraud.

In addition, this Court would note that Block failed to show how he was damaged in any way. He made his offer on the house prior to the time of the appraisal, and Lake Mortgage financed the purchase of the house on the basis of the appraisal. After getting what he bargained for in an arms-length transaction, Block cannot now complain that he has been damaged in

some way. The trial court's grant of summary judgment is affirmed.

Affirmed.

GARRARD and MILLER, JJ., concur.