Sara **SUMMERS** et al., Appellants,

v.

**UNITED STATES of America et al., Appellees.**

**No. 74–1672.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 9, 1975.

Decided Feb. 5, 1975.

J. D. Riffel, The Legal Aid and Defender Society of Greater Kansas City, Kansas City, Mo., for appellants.

Vernon A. Poschel, Asst. U. S. Atty., Kansas City, Mo., for appellees.

Before BRIGHT, STEPHENSON and WEBSTER, Circuit Judges.

STEPHENSON, Circuit Judge.

In this action in the district court, low-income purchasers of single-family dwellings sought damages and other relief against the United States and the Department of Housing and Urban Development for maladministration (negligent appraisals and inspections of dwellings) of two home mortgage insurance programs established under sections 203(b) and 221(d)(2) of the National Housing Act, 12 U.S.C. §§ 1709 and 1715*l*(d)(2). The district court denied their claim for damages under the Tucker Act, 28 U.S.C. § 1346(a)(2), under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), and under their claims to have enforceable federal rights as beneficiaries of the National Housing Act. The district court also denied mandamus and injunctive relief. We affirm on the basis of the district court's well reasoned opinion, reported as Cason v. United States, 381 F.Supp. 1362 (W.D.Mo.1974),[1] and for the further reason that after the district court's opinion was filed, the Congress created an administrative remedy for the problems raised by appellants in this case.

On August 20, 1974, the Housing and Community Development Act was enacted. It amended section 518(b), 12 U.S.C. § 1735b(b), of the National Housing Act to provide compensation for defects in dwellings covered by a mortgage insured under sections 203 or 221(d)(2).[2]

The 1974 amendment[3] provides as follows:

## COMPENSATION FOR DEFECTS

Sec. 306. Section 518(b) of the National Housing Act is amended to read as follows:

"(b) The Secretary is authorized to make expenditures to correct, or to reimburse the owner for the correction of, structural or other major defects which so seriously affect use and livability as to create a serious danger to the life or safety of inhabitants of any one or two family dwelling which is covered by a mortgage insured under section 235 of this Act or which is

---

1. The complaint below sought relief for homeowners who purchased both under section 203 (12 U.S.C. § 1709) and section 221(d)(2) (12 U.S.C. § 1715*l*(d)(2)) of the National Housing Act. On this appeal relief is sought only for those who purchased under section 221(d)(2).

2. The Act formerly provided compensation for defects in dwellings covered by a mortgage insured under section 235 only. Act of Dec. 31, 1970, Pub.L.No. 91–609 § 104, 84 Stat. 1770.

3. Pub.L.No. 93–383 § 306, 88 Stat. 678.

located in an older, declining urban area and is covered by a mortgage insured under section 203 or 221 on or after August 1, 1968, but prior to January 1, 1973, and which is more than one year old on the date of the issuance of the insurance commitment, if (1) the owner requests assistance from the Secretary not later than one year after the insurance of the mortgage, or, in the case of a dwelling covered by a mortgage insured under section 203 or 221 the insurance commitment for which was issued on or after August 1, 1968, but prior to January 1, 1973, not more than one year after the date of enactment of the Housing and Community Development Act of 1974, and (2) the defect is one that existed on the date of the issuance of the insurance commitment and is one that a proper inspection could reasonably be expected to disclose. The Secretary may require from the seller of any such dwelling an agreement to reimburse him for any payments made pursuant to this subsection with respect to such dwelling. Expenditures pursuant to this subsection shall be the obligation of the Special Risk Insurance Fund."

It should be noted that in the latest amendment Congress chose to pay for the "correction of, structural or other major defects which so seriously affect use and livability as to create a serious danger to the life or safety of inhabitants of [dwellings covered]." The Supreme Court several years earlier in United States v. Neustadt, 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961), had held that the Government was not liable under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), to an individual purchaser of a house who had relied upon an inaccurate FHA inspection and appraisal for federal mortgage insurance

under section 226 of the National Housing Act, 12 U.S.C. § 1715q. The Court, in reviewing the legislative history of the National Housing Act, stated: "Never once was it even intimated that, by an FHA appraisal, the Government would, in any sense, represent or guarantee to the purchaser that he was receiving a certain value for his money." 366 U.S. at 709, 81 S.Ct. at 1301. In Davis v. Romney, 490 F.2d 1360, 1372 (3rd Cir. 1974), the Court of Appeals observed with respect to the statute here in controversy: "We are unable to find that § 221(d)(2) was designed to protect plaintiffs [insured owners]," and it noted that the legislative history and the wording of the section in question "support the government's contention that the provision was intended to assure the United States of adequate security for the mortgages FHA insured."

The relief provided by the Congress in the 1974 amendment to section 518(b) has been criticized as inadequate.[4] A fair reading of the statute indicates relief is restricted to "major defects." But the Congress, having acted in the face of judicial precedent and considerable experience by HUD in the administration of the Act, has provided an exclusive remedy for aggrieved parties. It is not our prerogative to command further relief. National Railroad Passenger Corp. v. National Assn. of Railroad Passengers, 414 U.S. 453, 458, 94 S.Ct. 690, 38 L.Ed.2d 646 (1973); United States v. King, 395 U.S. 1, 23 L.Ed.2d 52, 89 S.Ct. 1501 (1965). It should also be noted that when Congress adopted the 1974 amendment, it did not alter that part of the statute which provides that the Secretary's decisions regarding payments under the Act shall not be subject to judicial review. See 12 U.S.C. § 1735b(c).[5]

Affirmed.

4. Note, Federal Compensation for Victims of the "Homeownership for the Poor" Program, 84 Yale L.J. 294 (1974).

5. 12 U.S.C. § 1735b(c) is as follows:

The Secretary shall by regulations prescribe the terms and conditions under which expenditures and payments may be made under the provisions of this section, and his decisions regarding such expenditures or payments, and the terms and conditions under which the same are approved or disapproved, shall be final and conclusive and shall not be subject to judicial review.