**Marie L. BROOKTER, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 457–87C.

United States Claims Court.

Feb. 11, 1988.

Marie L. Brookter, Littleton, Colo. pro se.

J. Keith Burt, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, attorney of record for defendant. David M. Cohen, Director, and Mary Mitchelson, Asst. Director, Washington, D.C., of counsel.

### OPINION

NAPIER, Judge:

This action comes before the Court on defendant's motion to dismiss for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(4) of this Court.

Plaintiff, Marie L. Brookter, seeks to recover actual and consequential damages from the United States stemming from an alleged breach of warranty. Plaintiff claims that the warranty arose pursuant to a Federal Housing Administration (FHA) insured loan which she obtained to purchase a condominium in Littleton, Colorado. That condominium had been inspected and appraised for the FHA by the Veterans Administration (VA) prior to purchase by plaintiff. After plaintiff took possession of the unit, she discovered that it was inadequately constructed and in disrepair.

Having reviewed the uncontroverted facts, the submissions of the parties, the relevant statutes and their legislative history and the relevant case law, this Court concludes that the United States is not a proper defendant in this action, and thus, the defendant's motion to dismiss must be granted.

### Facts

At the time this cause of action arose, the plaintiff, Ms. Brookter, was a citizen of Colorado residing in Jefferson County.

On or around April 6, 1985, plaintiff entered into a contract to purchase a condominium from Wood Brothers Homes, Inc. (Wood Brothers), a Delaware corporation, having its principal place of business in Stony Creek, Colorado. Plaintiff (mortgagor) purchased the condominium, part of the Stony Creek Condominium Association, Inc., located in Littleton, Colorado, pursuant to an FHA insured loan obtained from Criterion Financial Corporation (CFC) (mortgagee), a lending institution having offices in Colorado. Prior to insuring the loan, the FHA had accepted an inspection and appraisal of the property that had been executed by the VA. The purpose of the inspection was to determine whether the property conformed to the standards prescribed by Congress and the FHA.

After moving in, plaintiff became aware that the condominium was poorly constructed and the surrounding grounds were not properly maintained. Among the defects, the unit had inadequate drainage and insulation, a damaged roof, and was subject to severe flooding from heavy rain or melting snow. In addition, there was a lack of general grounds upkeep and landscaping. Plaintiff claims damages in the amount of $100,000.

Plaintiff and other condominium owners at Stony Creek lodged numerous complaints with Wood Brothers, the FHA and the VA, all to no avail. Wood Brothers apparently abandoned the project, and plaintiff, left with no other recourse, filed a complaint in the United States District Court for the District of Colorado on September 3, 1986.

The District Court concluded that it lacked subject matter jurisdiction and by order dated October 8, 1986, dismissed the action. Plaintiff then filed an identical action in the District Court for Jefferson County, Colorado, on October 15, 1986. Confusingly, the Government then filed a petition for removal which was granted, returning the suit to the federal district court. The federal district court then remanded the action to the District Court for Jefferson County, Colorado, by order dated June 11, 1987, and in that order, advised the plaintiff that any redress she sought based on contractual claims could only be pursued in the United States Claims Court. Accordingly, plaintiff filed her action in this Court on August 3, 1987.

### Discussion

■ This case was referred to the Claims Court by the United States District Court for the District of Colorado. However, this Court must decide its own jurisdiction. It cannot have it conferred on it by any other court. *See Diamond v. United States*, 228 Ct.Cl. 493, 498, 657 F.2d 1194, 1197, (1981), *cert. denied*, 459 U.S. 831, 103 S.Ct. 70, 74 L.Ed.2d 69 (1982).

Plaintiff argues in her reply to defendant's motion to dismiss that the Government, acting through the FHA, warranted the construction of the Stony Creek condominiums, and her unit specifically, pursuant to the FHA insured loan which she obtained from Criterion Financial Corporation, and which she used to purchase her condominium. Plaintiff asserts that this

warranty arises out of the pre-purchase inspection and appraisal of the premises by the VA and through various loan documents and association By–Laws. Plaintiff contends that since she received a statement that her dwelling had been constructed in conformity with the plans and specifications which had been approved by the FHA, and upon which the Government had based its valuation of her property, that the Government had, in effect, warranted both the value and condition of the property.

The Tucker Act, 28 U.S.C. § 1491, which defines this Court's jurisdiction, states that:

> The United States Claims Court shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States * * * in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

In *Brookside Ltd. Partnership v. United States*, 231 Ct.Cl. 944 (1982), the plaintiff, a housing developer, and the Department of Housing and Urban Development (HUD) entered into an agreement where HUD committed itself, pursuant to the National Housing Act, to insure plaintiff's mortgage obligation. Plaintiff claimed that HUD's failure to adequately inspect the premises and detect inadequate construction ultimately resulted in plaintiff's monetary loss. The Court of Claims held that since the United States and the plaintiff were not both parties to any of the written agreements which plaintiff claimed constituted its agreement with the Government, there was no evidence of a meeting of the minds, an essential element of an implied-in-fact contract. *Id.* at 948. In fact, the Court found language in the agreements which indicated the Government's intention to make it clear that it was inspecting the premises only for its own benefit. In the instant case, all documents which the plaintiff relies upon, contain similar exculpatory language.

■ The "PURCHASE CONTRACT AND DEPOSIT RECEIPT" entered into between the builder, Wood Brothers, and Ms. Brookter explicitly states:

> The appraised valuation made by the FHA or the reasonable value established by the VA is arrived at to determine the maximum amount FHA or VA will insure or guarantee. The FHA and VA do not warrant the value or condition of the property. Buyer(s) should satisfy themselves that the price and condition of the property are acceptable.

Thus, the purchase contract itself informed the plaintiff that the inspection made by the VA gave her no warranties as to the condition or value of the property. Therefore, the plaintiff's contention that both the FHA and VA have contractual warranty obligations to her are misplaced.

Further, the FHA "CERTIFICATE OF COMMITMENT" issued by the FHA to the mortgagee, CFC, states:

> The appraised valuation is arrived at to determine the maximum mortgage the Department of Housing and Urban Development will insure. HUD does not warrant the value or the condition of the property. The purchaser should satisfy himself that the price and condition of the property are acceptable.

Other documents which the plaintiff offers in support of these alleged obligations contain warranty provisions running only from Wood Brothers, not the Government, to the plaintiff.

The "CERTIFICATE OF COMMITMENT" also required a builder's warranty. This warranty entitled "WARRANTY OF COMPLETION OF CONSTRUCTION IN SUBSTANTIAL CONFORMITY WITH APPROVED PLANS AND SPECIFICATIONS" states:

> The dwelling located on the property identified above is constructed in substantial conformity with the plans and specifications * * * which have been approved in writing by the Federal Housing Commissioner or the Administrator of Veterans Affairs on which the Federal Housing Commissioner or the Adminis-

trator of Veterans Affairs based the valuation of the dwelling.

In addition, the warranty states:

This warranty is executed for the purpose of inducing the Federal Housing Commissioner or the Administrator of Veterans Affairs to make, to guarantee or to insure a mortgage on the captioned property, and * * * the warrantor is duly bound under the terms and conditions of said warranty.

However, the warrantor in this case is the builder, Wood Brothers, not the FHA, VA or HUD.

■ In this instance, the defendant's only relationship to the plaintiff's purchase of the condominium is through the FHA insured loan, pursuant to which she purchased the condominium. However, the FHA contract of insurance runs only to the mortgagee, in this case, Criterion Financial Corporation, not to the mortgagor, Ms. Brookter. Thus, there is no privity of contract between the plaintiff and the defendant.

Additionally, even if it is argued that some implicit contractual duty flowed from the Government to the plaintiff by virtue of the FHA insured loan, the United States Supreme Court has held that Congress did not intend the FHA contract of insurance to create any right of redress in the individual mortgagor against the Government. In *United States v. Neustadt,* the Supreme Court stated:

[T]he primary and predominant objective of the appraisal system was the "protection of the Government and its insurance funds"; that the mortgage insurance program was not designed to insure anything other than the repayment of loans made by lender-mortgagees; and that "there is no legal relationship between the FHA and the individual mortgagor."

\* \* \* \* \* \*

Nor is there any indication that Congress intended * * * to modify the legislation's fundamental design from a system of mortgage repayment insurance to one of guaranty or warranty to the purchaser of value received. On its face, [the statute] goes no further than to require that a seller of property approved for FHA mortgage insurance shall furnish to the buyer, prior to sale, a written statement disclosing the FHA-appraised value. That Congress did not thereby intend to convert the FHA appraisal into a warranty of value, or otherwise to extend to the purchaser any actionable right of redress against the Government in the event of a faulty appraisal, was made irrefutably clear in the Committee Hearings in both Houses of Congress * * *. (Citations omitted.)

*United States v. Neustadt,* 366 U.S. 696, 709, 81 S.Ct. 1294, 1301, 6 L.Ed.2d 614 (1961).

Particularly relevant to the instant case is a statement made by Representative Dollinger during a hearing before the Subcommittee on Housing of the House Committee on Banking and Currency, when discussing "Housing Constructed Under VA and FHA Programs":

The Government did not guarantee, on your getting the home, that the home would be in good condition. As I pointed out before, there has been a misconception of the idea. The Government never approved the building. All it says is that the FHA loans are guaranteed to the builder or to the bank.

82nd Cong., 2d Sess. 163 (1952), *quoted in United States v. Neustadt,* 366 U.S. at 709–710, n. 24, 81 S.Ct. at 1301–1302, n. 24.

■ In *Cason v. United States,* 381 F.Supp. 1362 (D.Mo.1974), *aff'd,* 510 F.2d 123 (8th Cir.1975), a case with essential facts similar to those in the instant case, the plaintiffs purchased homes pursuant to FHA insured bank loans. Before agreeing to insure the loans, the FHA, through its employees or agents, inspected and appraised the homes. *Id.* at 1362. After moving in, the plaintiffs realized defects in the major systems of the homes, and sued the United States based on what they contended was an express or implied contract with the Government. The *Cason* court explained that "the FHA has no contractual obligation to inspect and appraise the property" and that "[t]he primary and pre-

dominant objective of the FHA's appraisal system is the protection of the Government and its insurance funds." *Id.* at 1367. Thus, the court held that "[s]ince inspection and appraisal is not a contractual obligation, an improper inspection and appraisal cannot give rise to a claim for breach of contract and cannot support a third-party beneficiary theory." *Id.*

As in *Cason,* the Government in the instant case was under no contractual obligation to inspect, appraise, or guarantee the condition or value of the property. Thus, the plaintiff's claim based upon breach of contract must fail. *See also Davis v. Romney,* 490 F.2d 1360 (3d Cir. 1974).

 To the extent that plaintiff's claim may sound in tort, it is barred by this Court's jurisdictional statute. 28 U.S.C. § 1491(a)(1). The Court of Appeals for the Federal Circuit has held that "negligent performance of a noncontractual duty cannot be the basis of a breach of contract claim. Rather, the negligent disclosure of information by the government, when the government [has] no contractual duty to supply such information may sound in tort." *H.F. Allen Orchards v. United States,* 749 F.2d 1571, 1576 (Fed.Cir.1984), *aff'd,* 474 U.S. 818, 106 S.Ct. 64, 88 L.Ed.2d 52 (1985). This Court's jurisdiction under the Tucker Act is confined to "cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

## CONCLUSION

The Government's only relationship to the plaintiff stems from the FHA insured loan she obtained to purchase her condominium. However, any rights and duties under the contract between FHA and Criterion Financial Corporation run only from the Government to the lender, not to the plaintiff. The Supreme Court has held that Congress did not intend for the individual purchaser to gain any right of redress against the Government by virtue of the FHA insured loan. *See United States v. Neustadt,* 366 U.S. at 709, 81 S.Ct. at 1301. Additionally, this Court's jurisdictional statute, the Tucker Act, confines the Court's jurisdiction to cases not sounding in tort.

Thus any claim by the plaintiff that the Government misrepresented the condition of her property, whether intentionally or unintentionally, falls outside this Court's jurisdiction. 28 U.S.C. § 1491(a)(1).

The Government has no contractual duty to plaintiff, and any tort claim, if a valid one does indeed exist, cannot be heard by this Court. Accordingly, this action must be dismissed. The Clerk of the Court is directed to dismiss the complaint. No costs.