43 P.3d 62 (2002)
110 Wash.App. 895
Jerry W. BOLSER, individually, and Bolser Enterprises, Respondents,
v.
Stewart L. CLARK and Jane Doe Clark, individually, and as their marital community, and d/b/a Stewart L. Clark & Associates, Appellants.
No. 48487-7-I.
Court of Appeals of Washington, Division 1.
April 1, 2002.
*63 Michael Allan Spence, James C. Harrison, Seattle, for Appellants.
Cory David Rein, Douglas Michael Wartelle, Everett, for Respondent.
COLEMAN, J.
In Schaaf v. Highfield, 127 Wash.2d 17, 896 P.2d 665 (1995), the Supreme Court held that a real estate appraiser can be liable to third parties for financial loss they incur in reliance on a negligently prepared appraisal report, but that such liability extends only to a limited class of plaintiffs. In this case, Clark prepared a real estate appraisal for Jerry Bolser for use in his marriage dissolution, but learned at some point that Bolser Enterprises, the partnership of which Jerry Bolser was a member, also intended to rely on the appraisal in partnership dissolution proceedings. The report overvalued a parcel of property, resulting in a disproportionate distribution of assets to Bolser's wife in their marriage dissolution and a disproportionate distribution from Bolser Enterprises to a withdrawing partner. On appeal, Clark does not dispute that the report was negligently prepared or that he was liable to Jerry Bolser individually, but argues that the court erred in awarding damages to Bolser Enterprises for loss it suffered in reliance on the appraisal.
We conclude that Clark owed a duty to Bolser Enterprises under the particular facts of this case. Further, Clark's duty is not negated by language in the appraisal report purporting to limit its function to use in Jerry Bolser's marriage dissolution, because Clark not only knew the partnership would rely on his report, but he also had agreed to testify in support of the appraisal, for a fee, in the partnership litigation. Thus, we conclude that Bolser Enterprises was one of the limited class of plaintiffs to whom Clark could be liable. Further, the trial court's finding that Bolser Enterprises was justified in relying on the report was supported by the evidence because Clark acquiesced in the use of the report for partnership proceedings, which would indicate to a reasonable person that using the report for those purposes was justified. We thus affirm the judgment of the trial court awarding damages to Bolser Enterprises.

Facts
Appellant Stewart Clark is a real estate appraiser doing business as Clark & Associates. *64 Respondent Jerry Bolser is one of the partners in Bolser Enterprises.
Jerry Bolser hired Clark to appraise all the real estate owned by Bolser Enterprises. At that time, Bolser Enterprises consisted of three partners: Jerry Bolser, his brother Tom Bolser, and their mother Ellen Bolser. When Clark's services were retained, Jerry Bolser was in the process of dissolving his marriage, and the appraisal was ordered by the court hearing the marriage dissolution for purposes of determining the value of Jerry Bolser's interest in Bolser Enterprises. All the documents in evidence indicate that the marriage dissolution was the purpose for which the appraisal report was prepared. In particular, the cover letter that accompanied the appraisal contained the following language:
I have completed an appraisal of properties for the above referenced action [.] The purpose of this report is to estimate the current Market Value as if held in fee simple interest. The function of which is to serve as a guide for dissolution purposes.

The following report is restricted and limited to the stated function [.]
The "referenced action" is the cause number for Jerry Bolser's marriage dissolution proceedings in Snohomish County Court.
The appraisal took some time to prepare, resulting in a continuance of Jerry Bolser's marriage dissolution proceedings. Some time after Clark had been retained but before the appraisal was finished, the partnership became involved in dissolution proceedings. Both proceedings were still pending when Clark issued his appraisal.
The partners eventually settled the dissolution proceedings, with Tom Bolser withdrawing from the partnership. Jerry and his mother Ellen continued the partnership, which was not dissolved. In determining how much Tom Bolser should receive for his share of the partnership, the partners used Clark's appraisal report.
In the report, Clark significantly overvalued a parcel of property. The property was zoned for single-family residential use only. Clark, however, valued the property based on sales of similar parcels zoned for commercial use. At trial, Clark claimed that the parcel could likely be rezoned. He also claimed that his methodology would have been different if he had been appraising the property for a partnership dissolution, because he made his "highest and best use" determination under the assumption that the parcel would remain adjacent to two other parcels owned by the partnership, and that a "strip commercial" use could be built on all three contiguous parcels. Bolser's expert witnesses testified that the parcel had a very low likelihood of being rezoned for commercial use, and that basing the parcel's value on comparable commercial properties fell below the standard of practice for a real estate appraiser. The trial court found that Clark's testimony lacked credibility and that the possibility of the parcel being rezoned was "extremely remote and close to zero." Accordingly, the court found that at the time of the appraisal, the parcel had a true value of between $100,000 and $300,000. Clark's appraisal report valued the parcel at $900,000.
As a result of this overvaluation, Tom Bolser received $174,947 more as a withdrawing partner than he would have if the parcel of property were properly valued. At trial, Bolser claimed that Clark knew about the partnership proceedings from the beginning, and that he knew the partners intended to rely on his report in both the marriage and partnership dissolutions. Jerry Bolser testified that Clark was paid for the appraisal with checks from Bolser Enterprises and that all the property appraised by Clark was owned by the partnership.
In addition, Dena Levitin, a legal assistant at the law office that represented Bolser Enterprises, testified that she contacted Clark to arrange dates for him to testify in support of his appraisal at the partnership dissolution proceedings. Levitin testified that it was not her job to choose the experts who would testify, but merely to schedule experts' testimony after the experts had been retained by the attorneys. Although she did not recall the details of the conversation, she testified that she recalled the conversation as being consistent with the following letter, *65 which she mailed to Clark after the conversation:
Mr. Stewart L. Clark, MAI
Real Estate Appraisers and Consultants
Re: Bolser Partnership/Corporation Matter
Dear Mr. Clark:
This letter is to confirm our telephone conversation of earlier this afternoon, Tuesday, August 12, 1997. You stated that you would not be available to testify on either September 10 or September 11, 1997, at trial in the above-referenced matter due to your being scheduled to attend a required two-day seminar. However, you would be available to appear and testify, in regard to the partnership valuation you performed, on Friday, September 12, 1997, and the following week, should that be necessary.
Clark admitted on cross-examination that he had been contacted at some point regarding working on the partnership dissolution.
The trial court found that Clark
was aware his appraisal was being relied upon by Jerry Bolser and Bolser Enterprises in the partnership dissolution action. Clark had been contacted for purposes of providing testimony in support of his appraisal in the partnership action and had spoken with the partnership's lawyer's office regarding testifying in support of his appraisal at the partnership trial.
The trial court also found that Bolser Enterprises justifiably relied on the appraisal report and that, as a result, it suffered damages in the amount of $174,947.

Duty
In Schaaf v. Highfield, 127 Wash.2d 17, 896 P.2d 665 (1995), the Supreme Court held that a real estate appraiser can be liable under Restatement (Second) of Torts section 552 for negligent misrepresentation to parties other than the person who hired the appraiser. Section 552 reads in relevant part:
(1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
(2) Except as stated in Subsection (3), the liability stated in Subsection (1) is limited to loss suffered
(a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and
(b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.
Section 522(a) and (b) outline two separate limitations on liability for negligent misrepresentation. Section 522(a) limits the class of people who can sue. Section 522(b) limits the types of transactions from which liability can arise.
The Schaaf court further defined the "limited group of persons" who can sue under Section 522(a) as including only those "involved in the transaction that triggered the appraisal." Schaaf, 127 Wash.2d at 27, 896 P.2d 665. Clark thus argues that under Schaaf, he had no duty to Bolser Enterprises because the partnership was not "involved in" the marriage dissolution. We disagree. Although the partnership was not a party to the marriage dissolution, our inquiry does not end there. Under the Restatement, an appraiser is liable to the "limited class" for whose benefit he supplies the appraisal, or those to whom he knows the intended beneficiary intends to supply it. Here, the trial court found that Clark had actual knowledge of Bolser Enterprises' intent to rely on the appraisal.[1] Even in jurisdictions that *66 have adopted a much narrower doctrine of negligent misrepresentation than that espoused in the Restatement, actual knowledge of a plaintiff's intent to rely gives rise to liability. See, e.g., Emmons v. Brown, 600 N.E.2d 133 (Ind.App.1992) (no liability to parties not in privity without actual knowledge of intent to rely). Thus, we do not read Schaaf as limiting liability in this case.
Clark argues that even if the evidence supports the conclusion that he found out about the partnership's intent to rely at some point, he had no duty because he did not have that knowledge before the appraisal was issued. This argument might be persuasive if Clark had merely learned of the partnership's reliance subsequent to issuing the report. But Clark not only learned of the partnership's intent to rely on his appraisal, but also agreed to testify in support of the appraisal in partnership dissolution proceedings, in exchange for a fee, without indicating any need for a new appraisal. By doing so, Clark assumed a duty to the partnership.
Further, that duty is not negated by the language in the appraisal cover letter restricting the report's use to the dissolution proceedings. Although such express limitations in an appraisal can limit an appraiser's duty to unknown plaintiffs and transactions, here Clark knew of and acquiesced in Bolser Enterprises' intent to rely on his appraisal in partnership decisions. Cf. Pahre v. Auditor of State, 422 N.W.2d 178, 181 (Iowa 1988) (holding defendant did not owe duty to plaintiff where title report specifically limited its use and coverage and there was no evidence that title company knew third party would see report). We hold that under the facts of this case, Clark owed a duty to Bolser Enterprises.

Justifiable Reliance
Clark further argues that even if he owed a duty to Bolser Enterprises, the partnership was not justified in relying on the appraisal. Whether a party justifiably relied is a question of fact unless "reasonable minds could reach but one conclusion," in which case the issue may be determined as a matter of law. Barnes v. Cornerstone Invs., Inc., 54 Wash.App. 474, 478, 773 P.2d 884, review denied, 113 Wash.2d 1012, 779 P.2d 730 (1989). A trial court's findings of fact will be upheld as long as they are supported by substantial evidence in the record. Thor v. McDearmid, 63 Wash.App. 193, 205, 817 P.2d 1380 (1991).
Clark argues that under Barnes, reliance on an appraisal report beyond its stated limitations is unjustifiable as a matter of law. We disagree. In Barnes, this court held that a plaintiff's reliance on an opinion letter was unjustified as a matter of law, in part because the opinion letter contained "numerous explicit disclaimers and conditions to its use" that made the plaintiff's reliance unreasonable. Barnes, 54 Wash.App. at 478, 773 P.2d 884. Barnes did not hold, however, that reliance on an appraisal for purposes beyond its express limitations would always be unjustified, but merely held that the facts of that case were capable of only one conclusion. Further, in Barnes there was no evidence, as there is here, that the appraiser knew of and ratified the use of the appraisal for a purpose beyond its stated limitations.
While reliance on an appraisal beyond its stated function will often be unreasonable, we conclude that the trial court's finding of justifiable reliance was supported by substantial *67 evidence in this case. The trial court found that Clark "had been contacted for the purposes of providing testimony in support of his appraisal in the partnership action and had spoken with the partnership's lawyer's office regarding testifying in support of his appraisal at the partnership trial." Thus, the partnership relied on the appraisal only after Clark indicated a willingness to testify in support of the appraisal. In such circumstances, it was reasonable for the partners to assume that the appraisal could be relied upon in those proceedings absent any indication by Clark to the contrary. At least, it cannot be said as a matter of law that no reasonable person in the partners' position would rely on the appraisal. Accordingly, we uphold the trial court's finding of justifiable reliance as supported by substantial evidence.

Actual Reliance and Injury
In two closely related arguments, Clark claims that the trial court failed to adequately distinguish between Jerry Bolser and Bolser Enterprises or to appreciate the nature of the partnership entity when it found that Bolser Enterprises actually relied on the appraisal and suffered injury. We need not address Clark's arguments on these issues because they are unsupported by any citation to authority. RAP 10.3(a)(5); Cowiche Canyon Conservancy v. Bosley, 118 Wash.2d 801, 809, 828 P.2d 549 (1992). In any event, these arguments rely heavily on the false premise that the Bolser Enterprises partnership was dissolved. As Clark admits in his reply brief, the partnership did not dissolve. Accordingly, even if we were to reach these arguments, we would find them unpersuasive.

Conclusion
We hold that Clark had a duty to Bolser Enterprises and that Bolser Enterprises justifiably relied on Clark's appraisal. Although appraisers may limit their liability by stating use limitations in the appraisal report, such limitations on liability do not apply where, as here, the appraiser subsequently learns of and ratifies the use of the appraisal in a different context and by a different entity than the person for whose benefit the appraisal was originally issued. The trial court is affirmed.
WE CONCUR: APPELWICK and KENNEDY, JJ.
NOTES
[1] At oral argument, Clark argued that the evidence did not support the trial court's finding of actual knowledge. We review trial court findings for substantial evidence in the record; we do not weigh the evidence or determine the credibility of witnesses. In re A.V.D., 62 Wash.App. 562, 568, 815 P.2d 277 (1991). The evidence clearly permitted the inferences that the trial court drew and its conclusion that Clark knew of Bolser's intent to rely on the appraisal in partnership proceedings. In particular, Bolser presented the testimony of Dena Levitin, an employee at the partnership's law firm, and a letter from Levitin confirming Clark's scheduled testimony in partnership proceedings. Clark claimed he did not recall speaking to Levitin or receiving the letter and that he thought he was testifying only in the marriage dissolution proceedings. The trial court, however, found that Clark's testimony lacked credibility. In addition, the letter referenced "Bolser Partnership/Corporation Matter," and Levitin testified that it was not her job to approach experts about giving testimony, but only to schedule testimony after attorneys had retained the experts. Further, Clark admitted on cross-examination that he had been approached at some point regarding the use of his appraisal in partnership proceedings. From this evidence, the court could infer that Clark not only knew that the partnership intended to rely on his appraisal in dissolution proceedings, but also had agreed to support that use of his appraisal with testimony in exchange for a fee.