OPINION
{¶ 1} Appellants, Kenneth T. Smith and Diane Smith, appeal the December 13, 2001, judgment entry of the Lake County Court of Common Pleas granting the motion for summary judgment of appellees, Julian Vanni ("Vanni") and Vanni Associates, Inc.
 {¶ 2} On October 22, 1998, Washington Mutual Bank, FA ("Washington Mutual") filed a complaint in Lake County Court of Common Pleas naming appellants; Superior Bank, FSB ("Superior"); Amer US Bank ("AmerUs"); and John Crocker, Lake County Treasurer, as defendants. The complaint alleged that appellants had defaulted on a first mortgage issued by Washington Mutual. Appellants filed an answer on December 22, 1998, alleging a number of affirmative defenses, including fraud, failure of consideration, unclean hands, etc.
 {¶ 3} Appellants filed a third party complaint on January 5, 1999, naming Daniel L. Case ("Case"), The Barton Company, Ltd., Jason Falstreau, Richard Falstreau, and appellees as third party defendants. In their complaint appellants alleged that Case, individually or in his capacity as president of The Barton Company, Ltd., approached them concerning a residence at 9211 Boyer Lane, Kirtland Hills. The complaint also alleged that Case told appellants that if they purchased the subject property, they could resell it to him at a profit of $25,000. (Although not specifically alleged in the complaint, the Falstreaus were apparently the owners of the property and had purchased it for approximately $460,000 shortly before selling it to appellants for $810,000.) The complaint further alleged that appellees, who were retained by Mortgage One Services, a mortgage broker, to appraise the property, falsely represented to appellants that the property had an appraised value of $810,000.
 {¶ 4} Washington Mutual filed a motion for summary judgment on its complaint on January 15, 1999. On February 26, 1999, appellants filed an amended answer with counterclaims and cross-claims alleging that Washington Mutual, Superior, and AmerUs had committed fraud, breached their fiduciary duties, breached an implied contract, acted negligently, etc.
 {¶ 5} The trial court granted Washington Mutual's motion for summary judgment in a July 27, 1999 judgment entry. In a September 28, 1999 judgment entry, the trial court found that Washington Mutual was due $648,252.48 plus interest on the mortgage. In the same entry, the trial court also dismissed appellants' counterclaim against Washington Mutual.
 {¶ 6} On December 14, 1999, AmerUs, the holder of a second mortgage on the property, filed a cross-claim against appellants. AmerUs then filed a motion for summary judgment on January 19, 2000, seeking judgment against appellants in the amount of $91,184.49. The trial court granted AmerUs's motion in a March 24, 2000 judgment entry.
 {¶ 7} Appellants dismissed their claim against Case on January 24, 2001. Appellees filed a motion for summary judgment on August 16, 2001. The issue before the court on appellees' motion was whether appellants could rely on an appraisal that Vanni had made for Mortgage One Services, a broker that was acting on behalf of Washington Mutual and AmerUs, not on behalf of appellants. The trial court granted this motion in its December 13, 2001 judgment entry, holding that in the absence of privity of contract, appellants could not maintain an action against appellees for negligent misrepresentation.[1]
 {¶ 8} Appellants have filed a timely appeal and make the following two assignments of error:
 {¶ 9} "[1.] The court erred in granting [appellees'] [m]otion for [s]ummary [j]udgment on the basis of lack of privity of contract because a genuine issue of fact remained.
 {¶ 10} "[2.] The trial court erred in granting [appellees'] [m]otion for [s]ummary [j]udgment on the basis of lack of privity of contract because there are accepted legal theories of recovery in Ohio which do not require privity of contract.
 {¶ 11} In their first assignment of error, appellants contend that the trial court's granting of summary judgment was improper because there was a genuine issue as to a material fact. However, the issue of "fact" identified by appellant is actually a question of law: whether there was privity of contract between appellant and appellee.
 {¶ 12} As an appellate court, our standard of review in determining whether the trial court properly granted summary judgment is de novo. Baryak v. Kirkland (2000), 137 Ohio App.3d 704, 709. In order to prevail on a motion for summary judgment, the moving party must establish the following: (1) no genuine issue of material fact remains to be litigated, (2) the movant is entitled to judgment as a matter of law, and (3) after viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); Baryak, supra.
 {¶ 13} The moving party bears the initial burden of demonstrating that there is no genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280, 292. If the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to set forth facts showing that there is a genuine issue for trial. Id.
 {¶ 14} In the instant matter, the appraisal form at issue shows that appellees' client was Mortgage One Services. Appellant, Ken Smith, is listed as the borrower. Payment for the appraisal was made to appellees by TitleCo Title Agency, Ltd. ("TitleCo"), from an escrow account. Appellants assert that they provided the funds used by TitleCo to pay appellees. However, appellants did not enter into a contract with appellees, they did not directly pay appellees, they were not the clients of appellees, nor were they third party beneficiaries of a contract since the appraisal was actually performed for the benefit of the lender, Washington Mutual. None of those facts are in dispute, and appellants have not identified any pertinent facts that are in dispute.
 {¶ 15} Given the foregoing facts, the trial court did not err in concluding that reasonable minds could come to but one conclusion: appellants were not in privity of contract with appellees. See 13 Williston, A Treatise on the Law of Contracts (4 Ed.Rev. 2000) 4-5, Section 37.1. Therefore, the trial court properly granted summary judgment on that issue, and appellants' first assignment of error is without merit.
 {¶ 16} Appellants raise four issues in their second assignment of error concerning theories of recovery in the absence of privity of contract. All four issues, as presented in the table of contents to appellants' brief, involve appellees' liability to appellants under the theory of negligent misrepresentation.
 {¶ 17} On the issue of third-party liability for professional negligence, the Supreme Court of Ohio has held that "[a]n accountant may be held liable by a third party for professional negligence when that third party is a member of a limited class whose reliance on the accountant's representation is specifically foreseen." Haddon ViewInvest. Co. v. Coopers Lybrand (1982), 70 Ohio St.2d 154, syllabus. In Haddon View, the plaintiffs were general partners in Haddon View Investment Company, which was a limited partner in two other entities ("Car Wash 1 and 2"). Coopers Lybrand was the auditor of Car Wash 1 and 2. Car Wash 1 and 2 collapsed, and plaintiffs sued Coopers Lybrand for professional malpractice. The Supreme Court declined to hold that privity of contract barred recovery, noting that "[t]o require a plaintiff in such a situation to be in privity with the defendant-accountant ignores the modern verity that accountants make reports on which people other than their clients foreseeably rely in the ordinary course of business." Id. at 157. The Haddon View court concluded that the limited partners constituted a limited class of investors whose reliance on the audits of Car Wash 1 and 2 for purposes of investment strategy was foreseen by Coopers Lybrands. Id.
 {¶ 18} In Perpetual Fed. S. L. Assn. v. Porter Peck,Inc. (1992), 80 Ohio App.3d 569, 572, the Tenth Appellate District addressed the issue of whether Section 522 of the Restatement of Torts should apply to real estate appraisers. Section 522 provides:
 {¶ 19} "(1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
 {¶ 20} "(2) Except as stated in Subsection (3), the liability stated in Subsection (1) is limited to loss suffered
 {¶ 21} "(a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and
 {¶ 22} "(b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction."
 {¶ 23} In Perpetual Federal, supra, at 573, the appraisal had been prepared for the mortgage broker, which was acting on behalf of a savings loan institution, which, in turn, loaned money to the purchaser of the appraised property in reliance on the appraisal. Also, the appraiser testified in his deposition that he knew lending institutions relied on his appraisals.
 {¶ 24} The issue of the applicability of Section 522 was before the Tenth Appellate District on an appeal from the granting of the appraiser's motion for summary judgment. The Perpetual Federal court concluded that Section 522 was applicable to real estate appraisers, and that there was a genuine issue of material fact as to whether the savings and loan was within the limited group of persons whose reliance on the appraisal was foreseeable. Id. at 572.
 {¶ 25} While there do not appear to be any Ohio cases that directly address the issue of the liability of an appraiser to the purchaser of a property when the appraiser was retained for the benefit of the lender, a Wisconsin court addressed this issue and held that the appraiser "should have foreseen that a prospective buyer of the property being appraised was `within the ambit' of harm which would result from a carelessly done appraisal." Costa v. Neimon (Wis.App. 1985),366 N.W.2d 896, 899.
 {¶ 26} We agree with the Costa court that an appraiser preparing a report for a lending institution should foresee that the purchaser of the property listed on the appraisal form could be within the limited class of persons who would rely on the appraisal. However, our agreement with theCosta court should not be read as a broad statement implying that in any instance where a real estate appraiser errs in preparing an appraisal for a lending institution, he or she will be liable to the ultimate purchaser of the property for any pecuniary losses incurred by the purchaser with respect to that transaction. Prior to being entitled to recovery from the appraiser for his negligence, the purchaser must demonstrate that he justifiably relied on the appraisal.
 {¶ 27} Generally, when a purchaser has signed a contract to purchase the subject property before the appraisal report was prepared, he will be hard pressed to demonstrate that he relied in any manner on the appraisal. See Young v. Leader Fed. S. L. Assn., Inc. (Tenn.App. 1989), 1989 Tenn.App. LEXIS 455, 5. In other words, the application of Section 522 to fact patterns similar to that of this case does not relieve purchasers from their obligation to exercise their independent judgment in determining the value of the home they intend to purchase. However, this court can foresee circumstances where an unsophisticated consumer could be duped into the purchase of an overpriced property acting in reliance on an appraisal that was negligently or fraudulently prepared. Under this narrow set of circumstances, where the purchaser can demonstrate reliance on the appraisal, recovery from the appraiser may be appropriate.
 {¶ 28} In their motion for summary judgment, appellees raised the issue of whether appellants relied on appellees' appraisal. However, merely raising the issue was insufficient. In a summary judgment exercise, "the moving party bears the initial burden of demonstrating
that there are no genuine issues of material fact concerning an essential element of the opponent's case. To accomplish this, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment." Dresher,75 Ohio St.3d at 292-293. These materials include: the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact. Id. at 293.
 {¶ 29} Appellees' assert that appellants relied on the representations of Case in purchasing the house, and reference appellants' complaint to support this contention. However, appellants state in the same complaint that they relied on appellees' appraisal in purchasing the house. In view of appellants' consistent assertion that they relied upon the appraisal in ascertaining the value of the property, appellees' reference to appellants' complaint to support the proposition that appellants relied, not on the appraisal, but on the representations of Case to determine the value of the property, is insufficient in and of itself to shift the burden to appellants to demonstrate that there is a genuine issue for trial. Evidence that appellants executed the purchase agreement before receiving a copy of the appraisal would strongly suggest to this court that appellants did not rely on the appraisal, but appellees have failed to point to such evidence. In view of the foregoing, we conclude that appellants' second assignment of error has merit.
 {¶ 30} The judgment entry of the Lake County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this opinion.
WILLIAM M. O'NEILL, P.J., concurs in judgment only, DIANE V. GRENDELL, J., concurs.
[1] The trial court noted that service of appellants' third party complaint was not obtained upon the Falstreaus.